IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Octavious Hollis, | ) | Case No. 8:12-cv-928-MGL-JDA |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| v. | ) | |
| | ) | |
| Warden Wayne McCabe, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment.
[Doc. 18.]  Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28
U.S.C. § 2254.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule
73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for
relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on March 27, 2012.[1]  [Doc. 1.]
On July 9, 2012, Respondent filed a motion for summary judgment and a return and
memorandum.  [Docs. 18, 21.]  Also on July 9, 2012, the Court filed an Order pursuant to
*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Petitioner of the summary
judgment procedure and of the possible consequences if he failed to adequately respond
to the motion.  [Doc. 19.]  Petitioner filed a response in opposition on August 27, 2012.
[Doc. 29.]

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for
forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  In this case, construing the filing
date in the light most favorable to Petitioner, this action was filed on March 27, 2012.  [Doc. 1-1 (envelope
stamped as received by prison mailroom on March 27, 2012).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is incarcerated in the Lieber Correctional Institution of the South Carolina Department of Corrections. [Doc. 1 at 1.] In November 2003, Petitioner was indicted for murder. [App. 144–45.[2]] On April 7, 2004, represented by Richard Vieth ("Vieth"), Petitioner pled guilty to voluntary manslaughter and received a sentence of 24 years imprisonment. [App. 1–32.] No direct appeal was filed.

**PCR Proceedings**

***First PCR Application***

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on April 1, 2005. [App. 33–40.] Petitioner alleged he was being held in custody unlawfully based on the following grounds, quoted substantially verbatim:

> (a) Ineffective Assistance of Counsel;
> (b) Applicant's plea failed to comply with Boykin v. Ala.

[App. 36.] Petitioner alleged as supporting facts that his counsel failed to do any legal and factual investigation and the record demonstrated his plea was involuntary. [*Id.*] The State filed a return on August 10, 2005. [App. 41–46.]

On March 21, 2006, a hearing was held on Petitioner's PCR application, at which Petitioner was represented by John Reckenbeil ("Reckenbeil"). [App. 47–77.] Testimony was received from Petitioner, Petitioner's father, and Vieth. [*Id.*] On June 17, 2006, the

---

[2]The Appendix can be found at Docket Entry Numbers 21-9 through 21-10.

PCR court issued an order denying and dismissing Petitioner's application with prejudice. [App. 86–92.] On July 19, 2006, the PCR court issued an amended order denying and dismissing the application with prejudice.[3] [App. 93–99.]

Sometime after the PCR court dismissed his application, Petitioner filed a document in the South Carolina Court of Appeals entitled "Austin (Appeal) Petition," seeking review of the PCR court's decision pursuant to *Austin v. State*.[4] [App. 147; *see also* Doc. 21-1 at 1 (duplicate).] The Court of Appeals construed the filing as a notice of appeal from the PCR court's decision and transferred the matter to the South Carolina Supreme Court. [App. 147.] On November 7, 2007, the Supreme Court dismissed the matter without prejudice because (1) the filing was not accompanied by proof of service on the State's counsel, and (2) to seek review pursuant to *Austin*, Petitioner had to file a new PCR

---

[3] An amended order was issued to correct the name of Petitioner's PCR counsel. [*Compare* App. 86 (naming David H. Tyner as Petitioner's counsel), *with* App. 93 (naming Reckenbeil as Petitioner's counsel); *see also* App. 135–36 (explaining that an amended order was issued to correct the name of Petitioner's attorney).]

[4] In other words, Petitioner requested appellate review of the PCR court's decision pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991). As the South Carolina Supreme Court has explained,

> This Court has allowed successive PCR applications where the applicant has been denied complete access to the appellate process. Under the PCR rules, an applicant is entitled to a full adjudication on the merits of the original petition, or "one bite at the apple." This "bite" includes an applicant's right to appeal the denial of a PCR application, and the right to assistance of counsel in that appeal.
> An *Austin* appeal is used when an applicant is prevented from seeking appellate review of a denial of his or her PCR application, such as when an attorney fails to seek timely review.
>
> ***
>
> *Austin* appeals are considered "belated appeals" and are used to rectify unjust procedural defects, such as when an attorney does not file a timely appeal.

*Odom v. State*, 523 S.E.2d 753, 755–56, 757 (S.C. 1999) (citations and footnote omitted).

application and raise that issue.  [App. 147–48.]  Remittitur was issued on November 26, 2007.  [App. 149; *see also* Doc. 21-2 (duplicate).]

### *Second PCR Application*

On November 17, 2008, Petitioner filed a second PCR application, raising the following issue, quoted substantially verbatim:

> 10.(a) Applicant was denied his Sixth and Fourteenth Amendment rights to the effective assistance of counsel insofar as PCR Counsel failed to provide representation within the requisite range of competent assistance and this omission was prejudicial.
>
> 11(a). PCR counsel failed to inform Applicant of his right to appeal and failed to file notice of intent to appeal his previous PCR (2005-CP-11-185), as authorized by S.C. Code Ann. § 17-27-100; Rule 227, SCACR; Austin v. State, 305 S.C. 453, 409 S.E.2d 395 (1991); and King v. State, 308 S.C. 348, 417 S.E.2d 868 (1992).

[App. 100–07.]  The State filed a return on July 8, 2009.  [App. 108–12.]

On January 13, 2010, a hearing was held on Petitioner's second PCR application, at which Petitioner was represented by David C. Alford.  [App. 113–38.]  Testimony was taken from Petitioner and Reckenbeil.  [*Id.*]  On February 9, 2010, the PCR court issued an order denying and dismissing Petitioner's second PCR application with prejudice, but the PCR court found Petitioner proved by a preponderance of the evidence that Reckenbeil failed to properly advise Petitioner of his appellate rights and that Petitioner was entitled to a belated appeal pursuant to *Austin*.  [App. 140–43.]

Petitioner filed a timely notice of appeal.  On December 14, 2010, LaNelle Cantey DuRant of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf in the South Carolina Supreme Court (1) a petition for writ of certiorari seeking review of

the PCR court's decision with respect to the second PCR application and (2) a petition for writ of certiorari pursuant to *Austin*. [Docs. 21-3, 21-5.] On April 29, 2011, the State filed a letter in lieu of a formal return to the petition for writ of certiorari from the second PCR application, conceding Petitioner did not knowingly and voluntarily waive his right to appeal the denial of his first PCR application. [Doc. 21-4.] The State also filed a return to the petition for writ of certiorari pursuant to *Austin*. [Doc. 21-6.]

On March 7, 2012, the South Carolina Supreme Court granted the petition for writ of certiorari from the denial of Petitioner's second PCR application and considered whether to grant the petition for a writ of certiorari from the denial of the first PCR application. [Doc. 21-7.] Upon review, the Supreme Court denied the petition for writ of certiorari from the denial of Petitioner's first PCR application. [*Id.*] Remittitur was issued on March 23, 2012. [Doc. 21-8.]

**Habeas Petition**

Petitioner filed this Petition for writ of habeas corpus on March 27, 2012 pursuant to 28 U.S.C. § 2254. [Doc. 1.] Petitioner raises the following ground for relief, quoted substantially verbatim:

Involuntary guilty plea as a result of ineffective assistance of counsel

*Supporting Facts*:    Petitioner asserts his guilty plea was involuntarily given as a result of erroneous advise of counsel, in that counsel advised Petitioner if he entered a plea of guilty he would only received 15-years incarceration rather than the 24-years that was handed down by the judge. Petitioner's father testified during the pcr hearing that Petitioner was advised by counsel that if he pled guilty he would receive a sentence between 10 to 15 years.

> The State Court's ruling was objectively unreasonable and Petitioner is entitled to a "specific sentence performance", or in the alternative counsel be deemed ineffective and the case remanded for further consideration.

[Doc. 1 at 5.]  As stated, on July 9, 2012, Respondent filed a motion for summary judgment.  [Doc. 18.]  On August 27, 2012, Petitioner filed a response in opposition.  [Doc. 29.]  Accordingly, Respondent's motion is ripe for review.

## APPLICABLE LAW

### Liberal Construction of Pro Se Petition

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the petitioner's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355,

365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has

appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)      (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)      (i) there is an absence of available State corrective process; or
> >
> > > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest

court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state court with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[5] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45(A).

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson*

---

[5]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

*v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168, 1173 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim. *See State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002) (reiterating that discretionary review by the South Carolina Supreme Court is not required to exhaust available state court remedies: "[South Carolina] has identified the petition for discretionary review to [the South Carolina Supreme Court] in criminal and post-conviction cases as *outside* South Carolina's standard review process. In [the South Carolina Supreme Court's] 1990 order, th[e] Court stated that petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies." (emphasis in original) (citing *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990)).

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state

proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477

U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.*

at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Murray*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To pass through this actual innocence standard, the petitioner's case must be truly extraordinary. *Murray*, 477 U.S. at 496.

## DISCUSSION

Respondent argues Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim because the PCR court reasonably applied the applicable United States Supreme Court precedents to conclude Petitioner's counsel was not ineffective. [Doc. 21 at 12–16.] Petitioner contends the record demonstrates Vieth promised Petitioner he would receive a sentence of no more than fifteen years and that Petitioner relied on that promise to his detriment, and therefore, Respondent's motion for summary judgment should be denied. [Doc. 29 at 5–10.] Additionally, Petitioner argues the PCR court did not correctly apply *Strickland* and *Hill* where the PCR court deemed the

testimony of Petitioner's father "not credible," which prejudiced Petitioner because he otherwise satisfied his burden of proof. [*Id.* at 10.] The Court agrees with Respondent.

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2). The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief. *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning."). The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06. On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08; *see also Richter*, 131 S. Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this

Court. . . . It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."). Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners. *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland v. Washington*, 466 U.S. 668 (1984)—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[6] *Richter*, 131 S. Ct. at 785. "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas"). Even if a state court decision may constitute an unreasonable

---

[6] In *Strickland*, the Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. at 687. To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692. In the specific context of a guilty plea, to satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's errors, [the prisoner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Supreme Court has cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

Here, the PCR court held an evidentiary hearing, made findings as to the credibility of the witnesses, and outlined a factual basis for declining to find Vieth's representation fell below the *Strickland*, *Hill v. Lockhart*, 474 U.S. 52 (1985) (stating standard for ineffective assistance of plea counsel), and applicable state law standards. [App. 47–77 (evidentiary hearing), 95–98 (PCR court's findings of fact and conclusions of law).] After discussing the testimony from the hearing, the PCR court made the following findings as to the specific claim Petitioner raises to this Court:

> This Court finds that Applicant and Applicant's father's testimony were not credible. Further, this Court finds that trial counsel's testimony was credible and this Court affords it great weight. This Court finds that the transcript and trial counsel's testimony shows that Applicant understood the consequences of a guilty plea, his Constitutional rights, and the possible sentences. This Court finds that trial counsel was not deficient in any aspect of his representation and performed well within reasonable professional norms for a criminal defense attorney. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984); Hill v. Lockhart. This Court further finds the Applicant also failed to carry his burden of proof to show that but for trial counsel's alleged deficient representation he would have not pled guilty but would have insisted on going to trial. Roscoe v. State. Furthermore, this Court finds the Applicant's guilty plea was knowingly and voluntarily made. Boykin v. Alabama; Pittman v. State. Therefore, the Applicant's guilty plea was not

rendered involuntary as a result of the ineffective assistance of counsel. Accordingly, the allegation of involuntary guilty plea resulting from the allegation of ineffective assistance of counsel is denied.

[App. 97.]

Upon review, the Court determines the PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* and *Hill* standards, which are the applicable Supreme Court precedents. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. Thus, the Court concludes the PCR court's decision was not contrary to applicable Supreme Court precedent.

Further, the record supports the PCR court's decision, which demonstrates the PCR court's decision was not an unreasonable application of *Strickland* or *Hill*. For example, Petitioner acknowledged at his guilty plea hearing and at the hearing on his first PCR application that he committed the crime. [App. 15, 16–17, 55.] Petitioner also testified at the guilty plea hearing that the only promise made to him in exchange for pleading guilty was reducing the charge from murder to manslaughter and that no one had threatened, coerced, or pressured him to plead guilty. [App. 14.] Further, Petitioner affirmed that his counsel had explained to him the potential punishment for voluntary manslaughter. [App. 6.] Moreover, after testifying at the first PCR hearing that Vieth said Petitioner would receive a sentence of no more than fifteen years [App. 59–60, 61], Petitioner's father

acknowledged that he had more than one conviction for fraudulent checks and did not like seeing his son in prison [App. 62].[7]

On the other hand, Vieth testified at the first PCR hearing that he did not tell Petitioner that Petitioner would be sentenced to only fifteen years; Vieth testified he could not make such a promise and could not promise anyone a certain sentence. [App. 67, 68, 72, 73.] Vieth also testified it was Petitioner's decision to plead guilty and that there was overwhelming evidence against Petitioner. [App. 74, 75.] Thus, nothing in the record before the Court indicates the PCR court unreasonably concluded Petitioner had failed to establish either prong of the *Strickland* test. Therefore, the Court finds the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent, and Petitioner is not entitled to habeas corpus relief.[8]

---

[7] Petitioner seems to argue that his father's prior convictions were not admissible, citing *State v. Colf*, 525 S.E.2d 246 (S.C. 2000). [*See* Doc. 29 at 10 ("The PCR Court inappropriately and incorrectly deemed the testimony of Baxter Hollis as 'not credible' in contravention of the South Carolina Supreme Court holding in *State v. Colf* . . . .").] In *Colf*, the South Carolina Supreme Court held that to admit evidence of a witness's convictions where more than ten years had elapsed since the later of the date of the conviction or the date of the witness's release, a trial court must conduct a balancing test and articulate on the record the specific facts and circumstances that support the court's ruling that the probative value of the conviction substantially outweighs its prejudicial effect. 525 S.E.2d at 248 (citing S.C.R. Evid. 609(b)). Here, there is no indication that Petitioner's father's prior convictions were more than ten years old, and in any event, the PCR hearing was not before a jury, only a judge. Further, as to the PCR court's credibility determination in general, because that court had an opportunity to hear and observe the witnesses, it was for the PCR court to determine the credibility of the witnesses, and this Court may only consider whether the PCR court's decision was contrary to or an unreasonable application of Supreme Court precedent or was based on an unreasonable determination of the facts in light of the evidence presented to the PCR court. *See* 28 U.S.C. § 2254(d). In this case, nothing indicates the PCR court's decision was unreasonable with respect to the facts or law.

[8] In his response in opposition, Petitioner first requests an evidentiary hearing to further develop the facts underlying his claim [Doc. 29 at 1–2], but at the end of his response, Petitioner argues the record establishes there is no genuine issue of material fact with respect to Vieth's promise to Petitioner and his parents that Petitioner would receive a sentence of no more than fifteen years [*id.* at 10]. Thus, it is not clear whether Petitioner is actually requesting an evidentiary hearing. In any event, Petitioner has failed to make any showing that he meets the AEDPA's requirements for an evidentiary hearing, and thus, the PCR court's determinations of factual issues are presumed to be correct. *See* 28 U.S.C. § 2254(e).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's

motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

<u>s/Jacquelyn D. Austin</u>
United States Magistrate Judge

October 1, 2012
Greenville, South Carolina